UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHAN MOODY,

    Petitioner,

v.                                                      Case No. 2:04-cv-034
                                                         HON. ROBERT HOLMES BELL

FABIAN LAVIGNE,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Stephan Moody filed this petition for writ of habeas corpus challenging the validity of his state court conviction. On February 1, 2000, after a three-day jury trial, Petitioner was convicted of conspiracy to possess with the intent to deliver 225 grams or more but less than 650 grams of cocaine in the Berrien County Trial Court, Criminal Division. The trial court thereafter sentenced Petitioner to the mandatory minimum sentence of 20 years to 45 years in prison.

In April of 2000, Petitioner filed his claim of appeal in the Michigan Court of Appeals. On March 15, 2002, the Michigan Court of Appeals issued an unpublished per curiam opinion affirming Petitioner's convictions. In May of 2002, Petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court. On February 28, 2003, the Michigan Supreme Court issued an order denying Petitioner's delayed application for leave to appeal because it was not persuaded that the questions presented should be reviewed. Petitioner has now filed this petition pursuant to 28 U.S.C. § 2254.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. The trial court erred by not severing the trial of [Petitioner] when proof was established that his substantial rights were prejudiced.

II. The trial court erred by admitting into evidence a "drug profile" that was unreliable.

III. Petitioner was denied effective assistance of counsel.

IV. The verdict was not supported by the great weight of the evidence; his mere presence was insufficient to support guilt.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411. Rather, the application must also be "unreasonable." *Id*. Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*. (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id*.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual

-3-

findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Respondent in this case contends that Petitioner has failed to exhaust his claims because he did not federalize the claims in federal court. A Petitioner in a habeas corpus proceeding is required to first exhaust his available state remedies, except when there is an absence of available state corrective process, or there exist circumstances rendering such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b) and (c). There is no exhaustion of available state remedies until the specific federal issues to be presented to this court have been presented to state courts. *Picard v. Connor*, 404 U.S. 270 (1971); *Albertson v. Johnson*, 440 F.2d 1201 (6th Cir. 1971). Michigan's corrective process for reviewing illegal detentions in violation of constitutional rights has been found adequate. *Whalen v. Frisbee*, 185 F.2d 607 (6th Cir. 1950), *cert. denied*, 341 U.S. 911 (1951); *Worth v. People*, 291 F.2d 621 (6th Cir.), *cert. denied*, 368 U.S. 862 (1961).

The AEDPA codified the requirement that a habeas corpus petitioner first exhaust his claims in state court before presenting them in federal court. Under this requirement, a habeas corpus petitioner "may not present a 'mixed' petition containing both exhausted and unexhausted claims to a federal court." *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). After reviewing the record, the undersigned concludes that Petitioner adequately federalized his claims. Thus, Respondent's argument is without merit.

In Petitioner's Brief to the Michigan Court of Appeals, he relies on several federal cases to support his claims for relief. In support of his claim for ineffective assistance of counsel, Petitioner relies on *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Additionally, in support of his claim that the verdict was not supported by the great weight of the evidence, Petitioner relies on *Thompson v. Louisville*, 362 U.S. 199 (1960), *United States v. Guida*, 792 F.2d 1870 (11th Cir. 1986), and *United States v. Leonard*, 138 F.3d 906, 908-909 (11th Cir. 1998). Petitioner's reliance on these cases is sufficient to federalize his claims. (*See* pp. v-vii of Petitioner's Brief to the Michigan Court of Appeals, No. 226957).

Respondent next contends that Petitioner's claims are procedurally defaulted. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to Petitioner's claim and that the Petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, Petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop for consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 (2002). A Petitioner may also excuse a default by

making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing Murray v. Carrier, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

The undersigned recommends that the court deny Petitioner's second and fourth claims on procedural grounds of default. In his second claim, Petitioner argues that the trial court erred by admitting into evidence a "drug profile" that was unreliable. Petitioner alleges that the prosecutor offered expert evidence over objection that Petitioner fit a drug profile and used the profile as substantive evidence of Petitioner's guilt. In discussing this matter, the Michigan Court of Appeals noted:

> According to the record presented on appeal, defendant's objection below was to the expert qualifications of the police officer offering the testimony, not to the testimony itself. As such, defendant fails to assert the same ground on appeal as he did in the trial court, and issue is forfeited.

*Michigan v. Moody*, Michigan Court of Appeals No. 226957, p. 2 (2002).

The undersigned notes that Petitioner has failed to file a response or to otherwise show cause and prejudice for his default. Because Petitioner has failed to make any showing of cause or prejudice for the procedural default, his second claim of error is properly dismissed.

Petitioner also argues that the verdict was not supported by the great weight of the evidence and his mere presence was insufficient to support guilt. Petitioner alleges that the sole evidence that the prosecutor offered to the jury was his presence in the car and his proximity to a roll of duct tape that was used in packaging the cocaine. However, the Michigan Court of Appeals noted that Petitioner's failure to raise this issue by appropriate motion below resulted in the forfeiture of appellate review. The court went on to explain that because the evidence reasonably supported the

verdict, failure to review the issue would not result in a miscarriage of justice. *Michigan v. Moody*, Michigan Court of Appeals No. 226957, p. 4 (2002). Therefore, as a result of the forfeiture of appellate review, this claim is procedurally defaulted. As noted previously, Petitioner has failed to demonstrate that there was cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.

Respondent next claims that Petitioner procedurally defaulted on his first claim and, in the alternative, that this claim fails on the merits. In his first claim, Petitioner argues that the trial court erred by not severing the trial of Petitioner when proof was established that his substantial rights were prejudiced. Petitioner and his co-defendants sought a severance because their defenses were mutually exclusive and irreconcilable. In analyzing the severance issue, the Michigan Court of Appeals noted that Petitioner did not come forward with an affidavit or make an offer of proof at either the pretrial motion or a renewed motion at the beginning of trial. However, the court went on to address the merits of the issue; thus there is no procedural default. The court explained that:

> In the instant matter, it was possible that defendant did possess the duct tape, but that he was not responsible for the duct tape being used to wrap the cocaine. Indeed, the co-defendant's affidavit did not indicate that defendant was observed wrapping the cocaine. Thus, defense counsel could have argued that the assertion in the co-defendant's affidavit fell well short of establishing defendant's actual or constructive possession of the cocaine. This argument would not have asked the jury to disbelieve the "core of the evidence" offered by either co-defendant.

*Michigan v. Moody*, Michigan Court of Appeals No. 226957, p. 2 (2002).

The undersigned notes that the Michigan Court of Appeals' assessment appears to be a fair application of the facts and the available defenses. As such, the ruling on this issue is not contrary to or an unreasonable application of clearly established federal law. *Williams*, 529 U.S. at 413. Therefore, Petitioner's contention on this claim lacks merit.

Finally, Petitioner argues that he was denied effective assistance of counsel because his counsel failed to offer evidence of the fact that a cell phone found in the second car in the two-car "caravan" was titled to co-defendant Anderson. Petitioner argues that this was key to the defense as the cell phone contained numbers related to Eric Harvey, who possessed the cocaine in the lead car. In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the Petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a Petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

> In analyzing this claim, the Michigan Court of Appeals stated:
>
> . . .We are not persuaded that, but for the failure to have this evidence admitted, the outcome of the proceedings would have been different. Evidence indicating that the cell phone was registered to Anderson would not have been sufficient to distance defendant from the other car. Moreover, establishing ownership of a cell phone is not sufficient to prove or disprove and individual's use of the cell phone. Simply put, we do not believe that this one fact, standing alone, would have changed the outcome of the case.

Michigan v. Moody, Michigan Court of Appeals No. 226957, p. 4 (2002).

Following a review of the record, the undersigned agrees with the Michigan Court of Appeals that the fact of who owned the cell phone, standing alone, would not have changed the outcome of the case. Therefore, Petitioner was not deprived of his constitutional right to effective assistance of counsel.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reason enumerated above, the undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   June 15, 2006