UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHEN MOODY,

    Petitioner,

v.                                           Case No. 2:04-cv-034
                                            HON. ROBERT HOLMES BELL

FABIAN LAVIGNE,

    Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on June 15, 2006. The Report and Recommendation was duly served on the parties. The Court has received objections from the petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

Petitioner argues that he did not procedurally default his claim regrading admission of drug profile evidence. The Michigan Court of Appeals found that the issue was forfeited because petitioner's counsel never raised an objection to the testimony, but rather objected to the qualifications of the police officer. Petitioner never responded to the argument that this issue was procedurally defaulted. In his objections, petitioner argues that the Michigan Court of Appeals was wrong and that counsel did object to the testimony and not just the officer's qualifications. Even

assuming that petitioner is correct, petitioner has failed to show error by the testimony. Moreover, as petitioner points out the court gave a cautionary instruction that the testimony could not be used to establish that petitioner committed the crime, but was provided only for background information. Petitioner has failed to establish error.

Petitioner argues that his trial should have been severed from his co-defendants because of irreconcilable defenses. The Michigan Court of Appeals analyzed and rejected this claim. Petitioner has failed to show that the Michigan Court of Appeals decision was unreasonable under federal law. Further, petitioner has failed to show that he was denied the effective assistance of counsel. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

In addition, if petitioner should choose to appeal this action, a certificate of appealability is denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, each of petitioner's claims are examined under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of petitioner's claims are properly dismissed on the grounds of procedural default. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Moreover, petitioner cannot establish that he received ineffective assistance of trial or appellate counsel. Therefore, the court will deny petitioner a certificate of appealability.

Date:     August 31, 2006              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE